FILED
CLERK U.S. DISTRICT COURT
AUG 1 0 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
Assistant United States Attorneys
Cyber & Intellectual Property Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2576/3756
Facsimile: (213) 894-0141
E-mail: stephanie.christensen@usdoj.gov
eric.vandevelde@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | No. CR 11-0766 |
| v. | CRIMINAL FILING |
| UNDER SEAL, Defendant. | [UNDER SEAL] |

UNDER SEAL

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
Assistant United States Attorneys
Cyber & Intellectual Property Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2576/3756
Facsimile: (213) 894-0141
E-mail: stephanie.christensen@usdoj.gov
eric.vandevelde@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR XAVIER MONSEGUR,<br>aka "Sabu,"<br>aka "Xavier DeLeon,"<br>aka "Leon,"<br><br>Defendant. | ) | No. CR 11-766<br><br><u>GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING CASE; DECLARATION OF STEPHANIE S. CHRISTENSEN</u><br><br>[**UNDER SEAL**] |

The government hereby applies <u>ex parte</u> for an order that the information and all related pleadings in the above-titled case be kept under seal until further order of the Court.

///

///

///

This *ex parte* application is based on the attached declaration of Stephanie S. Christensen.

Dated: August 9, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

STEPHANIE S. CHRISTENSEN
ERIC D. VANDEVELDE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DECLARATION OF STEPHANIE S. CHRISTENSEN

I, Stephanie S. Christensen, hereby declare and state as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of United States v. Hector Xavier Monsegur.

2. Defendant Hector Xavier Monsegur ("defendant") was arrested on or about June 7, 2011.

3. Defendant is actively cooperating with the government and has indicated an intent to continue working proactively with the government. Defendant has provided the government with detailed information concerning the activities of certain individuals who are suspected of being involved in unauthorized computer intrusions or "hacks" into various computer networks of several well-known corporations.

4. The government anticipates that, after further investigation, information provided by defendant may be used to charge defendant's accomplices and other individuals identified by defendant.

5. Although there is a qualified right of public access to court documents, courts have recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that

referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). Courts have also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under "United States v. Under Seal" and sealing all filings in the case is equivalent to making a sealed entry in the docket sheet.

    6.  Compelling security and law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. The investigative targets who are the subject of defendant's cooperation include certain computer "hackers" who are known to the FBI to, among other things, monitor public court dockets. The FBI further informs me that it appears these hackers are aware of defendant's true identity, although he often communicates with them using a nickname or online personality. Accordingly, were the sealing request denied and defendant's true name publicly revealed on the docket, it is likely that the hackers would become aware that defendant had been arrested, thus preventing defendant from further proactive cooperation. Moreover, the FBI has informed me that the hackers are known to take steps against those who cooperate with the government. Among other things, the hackers may "dox" an individual who is cooperating, as well as that

individual's family members -- meaning that the hackers will publish online the personal identification information of the cooperator and that cooperator's family members. The publicly available information may then be used to harass the cooperator and the cooperator's family in a variety of ways. This obviously creates danger for the cooperator, the cooperator's family, and law enforcement. Exposure of defendant's cooperation would jeopardize substantial ongoing investigations into defendant's former co-conspirators, several of whom are suspected of carrying out substantial computer hacks against several businesses. An order sealing filings and other docket entries in this case would greatly reduce the risk that defendant's ongoing cooperation with the government will be exposed, and will help ensure defendant's safety.

7. Defendant's cooperation (and the charges against defendant) will not be kept sealed indefinitely, however. The government anticipates that, once defendant's cooperation leads to the arrest and prosecution of the targets of this investigation, the filings in this case may be unsealed, and the docket sheet could reflect the true caption of this case. At that time, the government will seek an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

8. Accordingly, the government requests that filings and other docket entries in this case, including this declaration and any order issued in connection with it, be filed under seal, and that the case be captioned "United States v. Under Seal" in the public docket, until further order of the court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this August 8, 2011, at Los Angeles, California.

STEPHANIE S. CHRISTENSEN
Assistant United States Attorney